# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 224 | **DATE** | 6/25/2004 |
| **CASE TITLE** | Powell vs. Doe et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The parties' motions in limine are granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 28 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 42 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUN 25 PM 2:44 | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

RENICE POWELL, best friend of Reginald Reed, )
)
Plaintiff, )
)
vs. ) 03 C 224
)
JOHN DOE; CITY OF CHICAGO, a municipal )
corporation; ALEXANDER CALATAYUD, )
Officer, Star #18664; and CHICAGO BOARD OF )
EDUCATION, a municipal corporation, ) JUN 2 8 2004
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

Before the court are four motions *in limine* brought by Plaintiff Renice Powell ("Powell") and three motions *in limine* brought by Defendants Alexander Calatayud ("Calatayud") and Chicago Board of Education. For the reasons set forth below, the parties' motions are granted in part and denied in part.

### BACKGROUND

This case arises out of an incident that occurred on December 20, 2002, outside of a grammar school on Chicago's South Side. According to the complaint, Calatayud, a school security guard, beat up a student, Reginald Reed ("Reed"). Powell, Reed's

mother, filed suit against Calatayud and the Chicago Board of Education alleging excessive force in violation of 42 U.S.C. § 1983 and assault and battery under Illinois law. Discovery has been completed and the case is poised for trial. The parties have filed various motions *in limine.*

## LEGAL STANDARD

A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine.* Falk v. Kimberly Services, Inc., 1997 WL 201568, *1 (N.D. Ill. 1997). However, a court has the power to exclude evidence *in limine* only when that evidence is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). A district court should be mindful that some proposed evidentiary submissions cannot be accurately evaluated in a pretrial context via a motion *in limine.* Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). For this reason, certain evidentiary rulings should be deferred to trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. Hawthorne Partners at 1400. Denial of a motion *in limine* does not automatically mean that all evidence contemplated by the motion will be admitted at trial. Id. at 1401. Instead, the court will entertain objections to individual proffers as they occur at trial. Id. In any

event "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Luce v. U.S., 469 U.S. 38, 41-42 (1984).

## DISCUSSION

Powell's first motion seeks to bar the introduction of six school misconduct reports regarding Reed that were written between May 5, 2000, and October 31, 2002. Powell argues that these misconduct reports are both irrelevant to the issue of whether Calatayud used excessive force and could be highly prejudicial in that they would lead the jury to conclude that Reed was a "bad kid." Powell also contends that this sort of evidence of Powell's prior misbehavior at school is inadmissable under Federal Rule of Evidence 404(b). Defendants counter that these misconduct reports are relevant to Powell's damages claim in that they are proof that Reed lacked respect for authority long before the incident in question. Because this question may be more appropriately resolved in the fuller context of trial, the motion is presently denied.

Powell's second motion seeks to bar the introduction of two school misconduct reports relating to an altercation between Reed and another student on December 20, 2002, that preceded the incident with Calatayud. Powell contends that these reports are irrelevant to the excessive force claim and could prejudice the jury by leading them to believe that Reed's injuries were the result of his altercation with the other student. As with the misconduct reports discussed above, Defendants claim that the

December 20, 2002, reports are relevant to refute Powell's damages argument. Defendants claim that, contrary to Powell's assertion, the misconduct reports show that Reed was treated no differently than the other student he fought with. As this issue can also be better answered at trial, the motion is denied.

Powell's third motion asks that we prohibit the introduction of Reed's standardized test results and school progress records from 1997 to 2003. The motion argues that this information is irrelevant to the excessive force claim. Once again Defendants claim that this evidence is relevant to damages (purported proof that Reed's grades and attendance have not suffered as a result of the Calatayud incident) and again the question of admissibility can best be answered at trial. The motion is thus denied.

Powell's fourth motion seeks to bar introduction of her Second Amended Complaint, arguing that the Second Amended Complaint is irrelevant and hearsay. However, a plaintiff's factual assertion in a complaint constitutes a judicial admission, Keller v. U.S., 58 F.3d 1194, 1198 n.8 (7th Cir. 1995), that is admissible in a civil trial as an evidentiary admission. Contractor Utility Sales Co. v. Certain-teed Prods. Corp., 638 F.2d 1061, 1084 (7th Cir. 1981) (overturned on other grounds: See Rissman v. Rissman, 213 F.3d 381, 385 (7th Cir. 2000)). Because Defendants represent that they may introduce the Second Amended Complaint for impeachment purposes, we find that it is potentially relevant and accordingly deny Powell's motion.

Defendants' first motion seeks to bar the testimony of numerous individuals who were not identified in Powell's Rule 26(a) disclosures. Under Rule 37(c)(1), witnesses not identified according to the requirements of Rule 26(a) shall not be permitted to testify "unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996). Because six witnesses not identified in Powell's Rule 26(a) disclosure (Sullivan, Bolt, Frederick, Silva-Vera, McKee, and Robinson) were deposed, we find that their exclusion from the Rule 26(a) list was harmless and we will not bar their testimony. So too is the case with Debanique Reed, who was identified in Powell's answer to Defendants' interrogatories as a person with knowledge of the incident in question. While Taiwan Anthony (a student with whom Reed was involved in an altercation prior to the Reed-Calatayud incident) was not included on the Rule 26(a) list, because Defendant has included a misconduct report regarding Anthony on its exhibit list, Anthony's exclusion from the Rule 26(a) list is harmless and he may testify.

Defendants also seek to bar from testifying two Chicago Board of Education employees–Ms. Martinez and Ms. Bassie–who were not included on Plaintiff's Rule 26(a) list but who, according to Plaintiff's counsel, were identified at Calatayud's deposition as witnesses to the incident in question. Because Martinez's and Bassie's

identities were brought to the parties' attention during Calatayud's deposition, Powell was under no duty under Rule 26(e) to supplement her Rule 26(a) disclosures. Weiland v. Linear Constr., Ltd. 2002 WL 31307622, *2 (N.D. Ill. 2002). As such, these witnesses may testify.

As for witnesses Collins, Williams, Capers, and Shontana Powell, according to Defendants' counsel, their names were not disclosed to Defendants until March 19, 2004, the date discovery (which had been extended at least three times) concluded. On March 25, 2004, we denied Plaintiff's motion to again extend discovery to depose these four witnesses, so Defendants had no reasonable opportunity to depose them. Accordingly, they will not be permitted to testify at trial.

Defendants finally seek to prohibit from testifying as yet unidentified individuals who are listed by Powell as potential witnesses under the moniker: "Any and all Chicago Board of Education personnel with knowledge." This request is granted. If Powell wishes to call any other witnesses who were not disclosed under Rule 26(a), she must first demonstrate to the court that their exclusion was either harmless or justified.

Defendants' second motion asks that we prohibit Powell, Reed, or any of Plaintiff's counsel from referring to Calatayud as a police officer. At the time of the incident in question, Calatayud was employed as a police officer with the Chicago Police Department while working "off-duty" as a security guard at Reed's school.

Defendants argue both that there is no probative value in referring to Calatayud as a police officer and that police officers are sometimes not regarded in a positive light in the community. For this reason, Defendants seek to bar Powell, Reed, and counsel from referring to Calatayud as "Officer Calatayud" under Federal Rule of Evidence 403. Powell responds that, even though Calatayud was off-duty, because he held himself out as a police officer, whether he was an officer is relevant to her claim that Calatayud was acting under color of law. See Padin v. O'Conner, 1998 WL 246437, *2-3 (N.D. Ill 1998). In addition, while some in the community may not have favorable views of the police, others hold them in very high regard. For these reasons, and because Calatayud has earned the title "Officer" by his service with the Chicago Police, we deny Defendants' second motion, provided that Plaintiffs do not abuse this ruling by over-emphasizing Calatayud's status or title as a police officer.

Defendants' third motion seeks to bar the introduction into evidence of Plaintiff's Exhibits 6 and 7. Plaintiff's Exhibit 6 consists of nineteen photographs of Reed that were taken following his altercation with Calatayud. Defendants contend that the nineteen photographs (six of Reed's face, thirteen of his left leg) are needlessly cumulative and should be prohibited under Federal Rule of Evidence 403. However, Defendants do not object to Powell's response that she intends to submit only nine of the photos (six leg, three face) so this request is denied as moot. So too is the case with

Defendants' request that we exclude Plaintiff's Exhibit 7–photographs of Reed taken by "OPS"–as Plaintiff's counsel represents that he does not intend to use these photographs at trial.

## CONCLUSION

Based on the foregoing analysis, the parties' motions *in limine* are granted in part and denied in part.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated: JUN 2 5 2004